UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BYRON JACKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>CEVA LOGISTICS, et al.,<br><br>            Defendants. | Case No. 19-CV-07657-LHK<br><br>**ORDER GRANTING TESLA'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 36 |

Plaintiff Byron Jackson ("Plaintiff") brings suit against Defendants CEVA Logistics ("CEVA"), Randstad Inc. ("Randstad"), and Tesla Motors ("Tesla") (collectively, "Defendants") for violations of California's Fair Employment and Housing Act ("FEHA"), intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). Before the Court is Tesla's motion for judgment on the pleadings. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Tesla's motion for judgment on the pleadings with leave to amend.[1]

---

[1] Tesla's motion for judgment on the pleadings contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 36 at ii. Civil

1

## I.  BACKGROUND

### A. Factual Background

In February 2018, Plaintiff Byron Jackson, an African American man, was hired by Randstad, a temporary staffing agency that contracts to provide workers to various industries in California. ECF No. 1-1 ("Compl.") ¶¶ 1-2, 28. Randstad contracted with CEVA to provide employees and workers to CEVA. *Id*. ¶ 3. CEVA is a world-wide supply chain management company that designs and implements solutions for freight management and contract logistics. *Id*. CEVA contracted with Randstad for Plaintiff's services at a CEVA "facility located at 1710 Little Orchard, in San Jose, Santa Clara County, California" ("the San Jose Facility"). *Id*. ¶ 3, 28.

Plaintiff alleges that the San Jose Facility where he worked was owned, operated, and controlled by CEVA "for the benefit of [Tesla]." *Id*. ¶¶ 4, 6. Plaintiff alleges that Tesla "contracted with [CEVA] and [Randstad], directly or indirectly for the services of Plaintiff . . . at facilities engaged in the manufacture and production of [Tesla] products." *Id*. ¶ 7.

Plaintiff alleges that employees of CEVA "blatantly demonstrated that [] racist behavior would be tolerated at sites on which Randstad contracted to provide employees for [CEVA], and for the benefit of [Tesla]." Compl. ¶¶ 9–12, 26. According to Plaintiff, Randstad, CEVA, and Tesla "have allowed a racially hostile environment to exist on its worksite, without restraint," especially with respect to "African American employees." *Id*. ¶ 25. Plaintiff was constantly harassed and subjected to derogatory epithets. *Id*. ¶ 30. Despite Plaintiff's pleas to his supervisors, who worked for Randstad and CEVA, the harassment continued unabated. *Id*. ¶¶ 32–33. Plaintiff also alleges that he "was exposed to similar treatment from the employees of [Tesla] who worked in the quality inspection area of the facility owned by [CEVA]." *Id*. ¶ 40.

Furthermore, Plaintiff alleges that on November 29, 2018, Plaintiff sustained a work-related injury but was refused an accommodation by Randstad. *Id*. ¶ 44. Plaintiff "believes that [his supervisors] intentionally failed to offer a reasonable accommodation both in response to his

---

Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

complaints regarding the racial harassment and discriminatory treatment, and in response to his request for an accommodation." *Id*. "Finding the continual onslaught of offensive conduct unbearable, along with [Randstad's] failure to accommodate his workplace injury, Plaintiff . . . could no longer bear the conduct and resigned in January 2019." *Id*. ¶ 39.

### B. Procedural History

On October 11, 2019, Plaintiff filed suit against Defendants in California Superior Court for the County of Santa Clara. Notice of Removal ¶ 1. The Complaint alleges seven causes of action: (1) discrimination based upon race in violation of California's Fair Employment and Housing Act ("FEHA") against all Defendants, Compl. ¶¶ 52–57; (2) harassment based on race in violation of FEHA against all Defendants, *id*. ¶¶ 58–65; (3) failure to engage in an interactive process in violation of FEHA against Randstad, *id*. ¶¶ 66–70; (4) failure to provide reasonable accommodation in violation of FEHA against Randstad, *id*. ¶¶ 71–75; (5) wrongful constructive termination in violation of public policy and FEHA against Randstad, *id*. ¶¶ 76–80; (6) IIED against all Defendants, *id*. ¶¶ 81–84; and (7) NIED against all Defendants, *id*. ¶¶ 85–90. Plaintiff seeks lost wages, punitive damages, emotional distress damages, and reasonable attorney's fees. *Id*. at 19; *see also id.* ¶¶ 54–56, 62–64.

Plaintiff served the Complaint on all Defendants on October 21, 2019. ECF No. 1 ¶¶ 1-2 ("Notice of Removal"). On November 20, 2019, Defendants filed answers and removed the instant case to this Court. *Id*.

On December 6, 2019, Plaintiff moved to remand the instant case to California Superior Court for the County of Santa Clara. ECF No. 20. Plaintiff argued that the case had to be remanded because (1) Tesla was a proper defendant with respect to Plaintiff's causes of action under FEHA, and (2) the inclusion of Tesla, which is considered a citizen of California, would destroy complete diversity of citizenship. *Id*. at 3–6.[2] Defendants opposed Plaintiff's motion to

---

[2] Plaintiff also argued that the case had to be remanded because the $75,000 amount-in-controversy requirement was not satisfied. ECF No. 20 at 7–10. The Court rejected this argument, concluding that Defendants had shown by a preponderance of the evidence that the amount-in-controversy requirement was satisfied. ECF No. 35 at 14–16.

1  remand, arguing that Tesla had been fraudulently joined. ECF No. 21 at 3.

2  On April 24, 2020, this Court denied Plaintiff's motion to remand, holding that Tesla had been fraudulently joined. ECF No. 35 at 8. Specifically, the Court concluded that Plaintiff could not hold Tesla liable as an employer under FEHA because "Tesla was never Ranstad's client, Tesla did not own or manage the facilities where Plaintiff worked, and Tesla did not in practice exercise 'a comprehensive and immediate level of day-to-day authority over Plaintiff.'" *Id.* at 12–13 (quoting *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 499 (2014)). Thus, the Court concluded that there was no possibility that Plaintiff could state a FEHA claim against Tesla, even if Plaintiff were given leave to amend. *Id.* at 7, 13.

On May 7, 2020, Tesla filed the instant motion for judgment on the pleadings. ECF No. 36 ("Mot."). Tesla argues that Plaintiff cannot state a FEHA claim, an IIED claim, or a NIED claim against Tesla. *Id.* at 3–6. On May 21, 2020, Plaintiff filed an opposition to Tesla's motion for judgment on the pleadings. ECF No. 37 ("Opp."). On May 28, 2020, Tesla filed a reply. ECF No. 38 ("Reply").

## II. LEGAL STANDARD

### A. Rule 12(c) Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted). Like a motion to dismiss under Rule 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *See id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

4
Case No. 19-CV-07657-LHK
ORDER GRANTING TESLA'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND

Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Leave to Amend

If the Court determines that judgment on the pleadings is warranted, it must then decide whether to grant leave to amend. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131, 1134-35 (9th Cir. 2012) (affirming district court's dismissal under Rule 12(c) but reversing for failure to grant leave to amend). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When granting judgment on the pleadings, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). At the same time, a court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). Indeed, a "district court's discretion to deny leave

to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quotation marks omitted).

### III.    DISCUSSION

Plaintiff brings four claims against Tesla: (1) discrimination based upon race in violation of FEHA, Compl. ¶¶ 52–57; (2) harassment based on race in violation of FEHA, *id*. ¶¶ 58–65; (3) IIED, *id*. ¶¶ 81–84; and (4) NIED, *id*. ¶¶ 85–90. Tesla moves for judgment on the pleadings on all four claims. The Court first addresses Plaintiff's FEHA claims. The Court then addresses Plaintiff's IIED and NIED claims.

#### A.    Plaintiff's FEHA Claims

Plaintiff brings two FEHA claims against Tesla: (1) discrimination based upon race in violation of FEHA, Compl. ¶¶ 52–57; and (2) harassment based on race in violation of FEHA, *id*. ¶¶ 58–65. For the reasons explained below, Plaintiff grants Tesla's motion for judgment on the pleadings on these claims.

"FEHA's purpose is to protect and safeguard the right and opportunity of all persons to seek and hold employment free from discrimination." *Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal. App. 5th 189, 196 (2019). "To this end, FEHA makes it unlawful for an employer to harass or retaliate against an employee." *Id.* "To be entitled to relief for allegations of harassment and retaliation, a FEHA claimant must first demonstrate an employment relationship with his or her alleged employer." *Id*.

"In determining whether a defendant is an employer, courts consider the 'totality of circumstances' that 'reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of work duties.'" *Nepomuceno v. Cherokee Med. Servs., LLC*, 2013 WL 5670960, at *4 (S.D. Cal. Oct. 16, 2013) (quoting *Vernon v. State,* 116 Cal. App. 4th 114, 124 (2004)). As the California Supreme Court has noted, "[t]his standard requires 'a comprehensive and immediate level of 'day-to-day' authority' over matters such as hiring, firing, direction, supervision, and discipline of the

6

Case No. 19-CV-07657-LHK
ORDER GRANTING TESLA'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND

employee." *Patterson*, 60 Cal. 4th at 499 (quoting *Vernon,* 116 Cal. App. 4th at 127-28).

"In the context of an individual who is employed by a temporary agency and assigned to work on the premises of the agency's client, . . . the purpose of FEHA to safeguard an employee's right to hold employment without experiencing discrimination is best served by applying the traditional labor law doctrine of 'dual employers,' holding both the agency and the client are employers." *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1183 (2004); Mot. at 5. In other words, "a worker employed by one entity [can] also [be] considered an employee of a second entity if that borrowing entity exercises certain powers of control over the employee." *Hirst v. City of Oceanside*, 236 Cal. App. 4th 774, 783 (2015).

In situations involving temporary-staffing, "factors under the contractual control of the temporary-staffing agency (such as hiring, payment, benefits, and timesheets being handled by a temporary-staffing agency) are not given any weight in determining the employment relationship with respect to the contracting employer." *Jimenez*, 41 Cal. App. 5th at 193. Rather, courts must look at employer relationships practically and under the totality of the circumstances. In this regard, plaintiffs must still allege that a purported employer exercised "'a comprehensive and immediate level of 'day-to-day' authority'" over the employee. *Patterson*, 60 Cal. 4th at 499 (quoting *Vernon,* 116 Cal. App. 4th at 127-28); *Bradley v. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1612, 1626 (2008) ("[T]he employment relationship for FEHA purposes must be tied directly to the amount of control exercised over the employee."). Nonetheless, "[t]he key is that liability is predicated on the allegations of harassment or discrimination involving the terms, conditions, or privileges of employment *under the control of the employer*, and that the employment relationship exists for FEHA purposes within the context of the control retained." *Bradley*, 158 Cal. App. 4th at 1629. Put more simply, "the main factor is the second entity's right to control job performance." *Hirst*, 236 Cal. App. 4th at 783.

Applying these factors to the instant case, the Court concludes that the Complaint does not state a plausible FEHA claim against Tesla. Plaintiff alleges that "he was an employee of [Randstad]." Compl. ¶ 2. Plaintiff alleges that Randstad contracted with CEVA to provide

7

Case No. 19-CV-07657-LHK
ORDER GRANTING TESLA'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND

1  workers, including Plaintiff, to CEVA. *Id.* ¶¶ 2–3. Plaintiff alleges that he worked in a facility
2  "owned, operated, or controlled by" CEVA. *Id.* ¶ 4. In addition, Plaintiff alleges that he was
3  supervised by managers from Randstad and CEVA. *Id.* ¶ 9–11, 31–33, 43. Accordingly, Plaintiff's
4  allegations establish that he was an employee of Randstad contracted by CEVA to work in a
5  CEVA facility under the supervision of Randstad and CEVA employees.

6  By contrast, Plaintiff's allegations regarding Tesla are significantly thinner. Plaintiff
7  merely alleges that his work was performed "for the benefit of [Tesla]." *Id.* ¶ 6. Plaintiff alleges
8  that Tesla "contracted with [CEVA] and [Randstad], directly or indirectly for the services of
9  Plaintiff . . . at facilities engaged in the manufacture and production of [Tesla] products." *Id.* ¶ 7.
10 However, Plaintiff never alleges that that he was Tesla's employee. Nor does Plaintiff allege that
11 he was working in a facility owned, operated, or controlled by Tesla. Plaintiff also does not allege
12 that he was supervised by Tesla employees.

13 These allegations do not state a FEHA claim against Tesla. Indeed, the Ninth Circuit
14 affirmed a district court's decision granting a motion to dismiss a FEHA claim against a defendant
15 in similar circumstances. In *Doe I v. Wal-Mart Stores, Inc.*, the plaintiffs were employed by
16 suppliers but alleged that they were Wal-Mart's employees because their work for their employers
17 benefitted Wal-Mart. 572 F.3d 677, 683 (9th Cir. 2009). According to the plaintiffs, Wal-Mart
18 could be held liable under FEHA because "Wal-Mart contracted with suppliers regarding
19 deadlines, quality of products, materials used, prices, and other common buyer-seller contract
20 terms." *Id.* The Ninth Circuit, however, held that "[s]uch supply contract terms do not constitute
21 an 'immediate level of day-to-day' control over a supplier's employees so as to create an
22 employment relationship between a purchaser and a supplier's employees." *Id.* (quotation marks
23 omitted). Thus, the Ninth Circuit concluded that plaintiffs could not state a FEHA claim against
24 Wal-Mart. *Id.* The same conclusion follows here.

25 In sum, Plaintiff was not an employee of Tesla, Tesla did not own or control the facility
26 where Plaintiff worked, and Tesla's employees did not supervise Plaintiff. This supports the
27 conclusion that Tesla did not exercise "'a comprehensive and immediate level of 'day-to-day'

authority' over matters such as hiring, firing, direction, supervision, and discipline of [Plaintiff].'" *Patterson*, 60 Cal. 4th at 499 (quoting *Vernon,* 116 Cal. App. 4th at 127-28). Thus, Plaintiff cannot hold Tesla liable as an employer under FEHA.

Arguing that Tesla is not entitled to judgment on the pleadings, Plaintiff argues that Plaintiff's FEHA claims meet the notice pleading standard because Plaintiff gave Tesla adequate notice of the claims Plaintiff asserts against it. Opp'n at 1, 3, 4. However, the notice pleading standard, which was established over sixty years ago in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), has been subsequently abrogated by the United States Supreme Court, which instead requires that plaintiffs plead a claim to relief that is plausible. *See Twombly*, 550 U.S. at 561–63 (abrogating notice pleading standard in *Conley v. Gibson* and establishing that plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face"); *accord Iqbal*, 556 U.S. at 678 (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'"). For the reasons explained above, Plaintiff has not plausibly alleged that Plaintiff had an employment relationship with Tesla, as required for Plaintiff's FEHA claims.

Plaintiff also argues that Plaintiff plans to file a motion for reconsideration of this Court's order denying Plaintiff's motion to remand, which would moot the instant motion. Opp'n at 12. In the alternative, Plaintiff requests that the Court hold the instant motion in abeyance until it rules on the "soon-to-be-filed Request to file a Motion for Reconsideration." Opp'n at 14–15. However, more than six months after this Court's April 24, 2020 order denying Plaintiff's motion to remand, Plaintiff has still not moved for leave to file a motion for reconsideration.

Moreover, the reason that Plaintiff would seek reconsideration lacks merit. Plaintiff states that Plaintiff would seek reconsideration based on a February 14, 2020 order in another case in this district, *Price v. CEVA Logistics U.S., Inc.*, which Plaintiff failed to present to this Court. *See Price v. CEVA Logistics U.S., Inc.*, Case No. 19-cv-07595-CRB, ECF No. 26 (N.D. Cal. Feb. 14, 2020). In moving for leave to file a motion for reconsideration, the moving party must show that, despite exercising reasonable diligence, the moving party did not know of a material difference in

fact or law at the time that the original order was issued. Civ. L.R. 7-9(b)(1). However, Plaintiff cannot meet that bar because Plaintiff's counsel represents the plaintiff in *Price*. *See Price v. CEVA Logistics U.S., Inc.*, Case No. 19-cv-07595-CRB, ECF No. 1-1 (N.D. Cal. Nov. 18, 2019). Accordingly, Plaintiff's argument lacks merit.

The remaining question is whether judgment on the pleadings should be granted with prejudice or leave to amend. Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay, or the moving party has acted in bad faith. *See Leadsinger*, 512 F.3d at 532. In the instant case, the Court is unsure whether Plaintiff will be able to plead a FEHA claim against Tesla. However, Plaintiff has not yet had an opportunity to amend his complaint. As a result, the Court cannot necessarily find that amendment would be futile, unduly prejudice Tesla, or cause undue delay. In addition, Plaintiff has not acted in bad faith. Thus, the Court GRANTS leave to amend.

### B. Plaintiff's IIED and NIED Claims

Plaintiff also brings an IIED claim, Compl. ¶¶ 81–84, and an NIED claim, *id*. ¶¶ 85–90, against Tesla. For the reasons explained below, the Court grants Tesla's motion for judgment on the pleadings on these claims but grants Plaintiff leave to amend.

To state an IIED claim, a plaintiff must show: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160 (2014). To state an NIED claim, a plaintiff must show the elements of negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Eriksson v. Nunnick*, 233 Cal. App. 708, 729 (2015).

Plaintiff's IIED and NIED claims against Tesla are based on the respondeat superior doctrine. Opp'n at 8. Under the respondeat superior doctrine, "an employer may be held vicariously liable for torts committed by an employee within the scope of employment." *Patterson*, 60 Cal. 4th at 491 (quoting *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 208 (1991).

1    To determine whether a tort was committed within the scope of employment, courts must ask
2    whether the torts "were 'engendered by' or an 'outgrowth' of [the] employment." *Lisa M. v. Henry*
3    *Mayo Newhall Memorial Hospital*, 907 P.2d 358, 363 (Cal. 1995).
4         In the instant case, the Court concludes that Tesla is entitled to judgment on the pleadings.
5    Most of Plaintiff's allegations against Tesla are conclusory and do not include "enough facts to
6    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. With the exception
7    of one specific allegation, discussed below, the Complaint simply lumps Tesla in with the other
8    two Defendants and alleges that the employees of all three Defendants discriminated against and
9    harassed Plaintiff. *See* Compl. ¶¶ 25, 30, 31, 34, 37, 38, 41. These allegations are not sufficient to
10   state a claim against Tesla because allegations that lump multiple defendants together do not put
11   an individual defendant on notice of the conduct upon which the claims against it are based.
12   *Knoles v. Teva Pharmaceuticals, USA*, Case No. 17-cv-06580-BLF, 2019 WL 295258, at *3 (N.D.
13   Cal. Jan. 23, 2019).
14        Plaintiff only singles employees of Tesla out from employees of the other two defendants
15   when Plaintiff alleges that he faced discrimination and harassment "from the employees of [Tesla]
16   who worked in the quality inspection area of the facility owned by [Ceva Logistics]." Compl. ¶ 40.
17   However, Plaintiff never alleges that he was assigned to work in the quality inspection area with
18   these employees. Rather, Plaintiff alleges that he worked exclusively with employees from
19   Randstad and CEVA. *Id.* ¶ 9–11, 31–33, 43. Accordingly, Plaintiff does not plausibly allege that
20   the torts that were committed were "engendered by" or "an outgrowth" of the employment of the
21   Tesla employees. *Lisa M.*, 907 P.2d at 363. Indeed, the Tesla employees never supervised or even
22   worked with Plaintiff.
23        In sum, Plaintiff's allegations do not state an IIED and NIED claim against Tesla under the
24   respondeat superior doctrine. Thus, the Court grants Tesla's motion for judgment on the pleadings
25   on Plaintiff's IIED and NIED claims.
26        The Court must now consider whether to grant judgment on the pleadings with prejudice
27   or leave to amend. The Court is unsure whether Plaintiff will be able to plead an IIED or NIED

claim against Tesla. Nonetheless, because granting Plaintiff an opportunity to amend the complaint would not necessarily be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiff has not acted in bad faith, the Court GRANTS leave to amend. *See Leadsinger*, 512 F.3d at 532.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Tesla's motion for judgment on the pleadings with leave to amend. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion for judgment on the pleadings, will result in dismissal of the deficient claims with prejudice. Plaintiff may not add new causes of action or add new parties without stipulation or leave of the Court. Plaintiff is directed to file a redlined complaint comparing the complaint to any amended complaint as an attachment to Plaintiff's amended complaint.

**IT IS SO ORDERED.**

Dated: November 17, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge